**AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, EMPLOYEES PENSION PLAN, Plaintiff,**

v.

**AMERICAN INTERNATIONAL GROUP, INC., Defendant.**

No. 05 Civ. 2390(LLS).

United States District Court, S.D. New York.

March 22, 2005.

---

Jay W. Eisenhofer, Grant & Eisenhofer, P.A., New York, NY, for plaintiff.

### Opinion and Order

STANTON, District Judge.

Plaintiff seeks a court order compelling American International Group, Inc. ("AIG") to include, as part of AIG's next proxy statement, plaintiff's proposal for a new by-law concerning the nomination and election of AIG's directors.

Plaintiff, a shareholder in AIG, wants AIG to include the following proposal in its 2005 proxy statement:

RESOLVED, pursuant to section 6.9 of the By-laws (the "Bylaws") of American International Group Inc. ("AIG") and section 109(a) of the Delaware General Corporation Law, stockholders hereby amend the Bylaws to add section 6.10:

"The Corporation shall include in its proxy materials for a meeting of stockholders the name, together with the Disclosure and Statement (both defined below), of any person nomi-

nated for election to the Board of Directors by a stockholder or group thereof that satisfies the requirements of this section 6.10 (the 'Nominator'), and allow stockholders to vote with respect to such nominee on the Corporation's proxy card. Each Nominator may nominate one candidate for election at a meeting."

To be eligible to make a nomination, a Nominator must:

(a) have beneficially owned 3% or more of the Corporation's outstanding common stock (the "Required Shares") for at least one year;

(b) provide written notice received by the Corporation's Secretary within the time period specified in section 1.11 of the Bylaws containing (i) with respect to the nominee, (A) the information required by Items 7(a), (b) and (c) of SEC Schedule 14A (such information is referred to herein as the "Disclosure") and (B) such nominee's consent to being named in the proxy statement and to serving as a director if elected; and (ii) with respect to the Nominator, proof of ownership of the Required Shares; and

(c) execute an undertaking that it agrees to (i) assume all liability of any violation of law or regulation arising out of the Nominator's communications with stockholders, including the Disclosure; (ii) to the extent it uses soliciting material other than the Corporation's proxy materials, comply with all laws and regulations relating thereto.

"The Nominator shall have the option to furnish a statement, not to exceed 500 words, in support of the nominee's candidacy (the "Statement"), at the time the Disclosure is submitted to the Corporation's Secretary. The

Board of Directors shall adopt a procedure for timely resolving disputes over whether notice of a nomination was timely given and whether the Disclosure and Statement comply with this section 6.10 and SEC rules."

## SUPPORTING STATEMENT

Stockholders of U.S. public companies currently have no meaningful control over the process by which director candidates are nominated. Stockholders whose suggested nominees are rejected by a nominating committee have no recourse other than sponsoring a dissident election campaign, which is so expensive that it rarely occurs outside the takeover context.

We believe that access to the proxy for purposes of electing a director nominated by stockholders is the most effective mechanism for ensuring accountability. The need for such accountability is acute now in light of the challenges AIG faces, including probes by the Justice Department and SEC into AIG's sale of policies allegedly designed to conceal two companies' losses, which AIG paid $126 million to settle, as well as an investigation by New York State Attorney General Eliot Spitzer into illegal practices by insurance brokers.

We urge stockholders to vote for this proposal.

Defendant wishes to omit plaintiff's proposal from its proxy statement, and has obtained a letter from the Securities and Exchange Commission staff saying that they will not recommend enforcement action against AIG if it does omit the proposal.

The question is whether defendant is required to include plaintiff's proposal in its proxy materials. Two sources of law might impose such a duty—federal law or state law.

### 1. Federal law

■ SEC Rule 14a–8, 17 C.F.R. ¶ 240.14a–8, governs shareholder proposals and requires corporations to include proposals from eligible shareholders in their proxy materials. SEC Rule 14a–8(i)(8), 17 C.F.R. ¶ 240.14a–8(i)(8), provides an exception to this general rule, allowing a corporation to exclude a shareholder proposal from its proxy materials if "the proposal relates to an election for membership on the company's board of directors or analogous governing body."

Plaintiff's proposal on its face "relates to an election." Indeed, it relates to nothing else. Plaintiff's Pension Plan Chairman made clear in a recent press release that because of "the current situation at AIG" plaintiff has lost faith in its current board and demands action now to bring fresh leadership to AIG:

"We have no choice but to seek relief in the courts because of the current stalemate on proxy access rulemaking at the SEC. While we hope that Chairman Donaldson will be able to craft a meaningful shareholder access rule, the current situation at AIG demands action now," said Gerald W. McEntee, chairman of the AFSCME Pension Plan. "AIG's business practices—now under investigation by the New York Attorney General—put shareholders at risk for significant losses. We have lost faith in the current board dominated by Chairman and CEO Hank Greenberg and company insiders. Proxy access is one way for shareholders to bring fresh leadership to AIG, empowered to set the company on a new path."

AFSCME Press Release, February 25, 2005.

When the subsection later re-numbered as the present 8(i)(8) of the SEC rule was last substantively amended, the Commission stated "with respect to corporate elec-

tions, that Rule 14a–8 is not the proper means for conducting campaigns or effecting reforms in elections of that nature." Proposed Amendments to Rule 14a–8 Under the Securities Exchange Act of 1934 Relating to Proposals By Security Holders, Exchange Act Release No. 34–12598, 1976 WL 160410 (July 7, 1976). But those are precisely plaintiff's purposes.

SEC staff positions are of course not binding on the court, but the staff has consistently opposed requiring inclusion of proposals that "may result in contested elections of directors" (*e.g.*, Citigroup, Inc., SEC No–Action Letter, 2003 WL 328268, Jan. 31, 2003), which this proposal is designed to do.

The language of the rule, and consistent staff and Commission expressions, confirm that the current federal regulations do not require AIG to include plaintiff's proposal in its proxy statement. Rather, they permit its exclusion.

### 2. State law

Although plaintiff argues generally that state law imposes such a requirement, it fails to identify any such statute. Delaware law, which controls this Delaware corporation, contains no statute directing inclusion of this material. Plaintiff's counsel themselves assert that the legal issues involved "have not been resolved by any Court." (Their March 3, 2005 letter to this Court). Thus, plaintiff is unable to point to any state law or tribunal imposing on Delaware corporations the obligation to include this proposal in their proxy statements.

### 3. Rule-making

■ Dissatisfied that at present the controlling law (SEC Rule 14a–8) does not require the action they seek, plaintiff and the *amici*[1] invite the court to do so instead.

Creation of rules governing the extent to which a corporation must assist those shareholders who are hostile to its management requires law-making, not adjudicatory, procedures. Publicly-held corporations, and their shareholders, are entitled to be guided by regulations which are drafted after public notice and comment, which apply uniformly and predictably, and have consistent definitions and standards. The need is for regulatory or legislative process (producing rules which can be altered and amended as experience develops), rather than isolated courts' individual decisions between particular litigants.

The function of the court is to apply the law as articulated by legislatures or their authorized regulatory agencies, not independently to create new legal obligations in this carefully regulated field. This is particularly apparent where, as here, the SEC has a proposed regulation awaiting adoption or amendment.[2]

Neither plaintiff nor its proposal would qualify under the proposed rule. Plaintiff owns too small a percentage of AIG's voting shares to propose that AIG be required to include shareholder nominations in its proxy statements, and plaintiff's proposal would allow shareholders holding too small and recent a percentage of AIG's shares to nominate directors.

---

**1.** Letters and briefs *amici* on behalf of the N.Y. City Employees' Retirement System, the Council of Institutional Investors, Harvard Law School Professors Bebchuk, Ferrell, Kraakman and Subramanian, and Comptroller Hevesi have been read and considered in connection with this motion.

**2.** Rule 14a–11, Security Holder Director Nominations, 68 Fed.Reg. 60,874 (proposed Oct. 23, 2003) (to be codified at 17 C.F.R. pts. 240, 249, and 274).

*Conclusion*

Plaintiff's application for a preliminary injunction is denied.

So ordered.